USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/27/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of
*Damien James Byrne,*

For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings

Case No. 23 Misc. 48

# [PROPOSED] ORDER GRANTING APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

THIS CAUSE came before the Court upon the Application of Damien James Byrne, as plaintiff in the pending proceedings against Mustansir Hamza Khetty Dawoodbhoy, Omar Hassan Ali Alattar and Mehboob Hamza Khetty Dawoodbhoy before the Dubai Court (Commercial) in the United Arab Emirates ("UAE") ("Pending Proceedings"), and potential plaintiff in the intended criminal action before the Public Prosecution in the UAE ("Contemplated Criminal Proceedings"), for Judicial Assistance Pursuant to 28 U.S.C. § 1782. The Court, having considered the Section 1782 Application, the Memorandum of Law, the Declaration of Mohammed Hadef Jouan Rashed Aldhaheri, and the Declaration of Thomas Vandenabeele and accompanying Exhibits, and otherwise being fully advised in the premises, finds as follows:

A.   Applicant has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief.

B.   For purposes of the instant Application, the following financial institutions and corporate entities reside or are found in the Southern District of New York: Citibank, N.A.; The Bank of New York Mellon; Société Générale, New York Branch; HSBC Bank USA, N.A.; BNP Paribas USA; JPMorgan Chase Bank, N.A.; Barclays Bank PLC; Deutsche Bank Trust Co.

Americas; The Bank of Nova Scotia, New York Agency; UBS AG; Bank of America, N.A.; Standard Chartered Bank US; Commerzbank AG, New York Branch and The Clearing House Payments Company LLC (collectively the "Respondents").

C. The documentary and testimonial discovery sought through this Application is for use in proceedings pending and contemplated before a foreign tribunal.

D. The Applicant is an interested person within the meaning of the statute, in its capacity as plaintiff in the foreign proceeding.

E. The discretionary factors, as described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* (542 U.S. 241, 247 (2004)), weigh in favor of granting the requested assistance.

F. More particularly: (1) the Respondents are not expected to become parties to the Pending Proceedings or the Contemplated Criminal Proceedings, thus, the need for this discovery is more apparent; (2) there is no indication that the foreign tribunal would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent foreign proof-gathering restrictions; (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the type normally produced by financial institutions or corporate entities as third parties or parties in litigation.

Accordingly, it is hereby **ORDERED** and **ADJUGED** as follows:

1. The Application is **GRANTED**.

2. Any Discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure.

3. The Applicant's request for leave to conduct discovery including, but not limited to, leave to serve subpoenas in substantially similar form as the form attached to the Application and to take testimony is **GRANTED**.

4. The Applicant's request to be appointed as the person with the power to administer any necessary oath and take testimony or a statement is **GRANTED**.

5. The Respondents are ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until such time as Applicant communicates to them that the preservation is no longer necessary or until further order of this Court.

6. Applicant is further authorized to issue and serve additional follow-up subpoenas on the Respondents ~~or third parties~~ as may be necessary to obtain the documentary and testimonial evidence for use in the Pending Proceedings and Contemplated Criminal Proceeding.

7. Applicant is not required to serve the Application upon the Liable Parties and the Discovery Targets, as defined in the Declaration of Mohammed Hadef Jouan Rashed Aldhaheri, and the Respondents.

8. Applicant is not required to serve this Order or subpoenas to the Respondents upon the Liable Parties, and the Discovery Targets.

9. Nothing in this Order should be construed to prevent or otherwise foreclose Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

IT IS ORDERED, this _____ day of _____, 2023.

_____
UNITED STATES DISTRICT COURT JUDGE

IT IS FURTHER ORDERED that the foregoing is without prejudice to the rights of the Respondents to file a motion to vacate or quash. Such motions must be filed by no later than **March 31, 2023**; Applicant's response to any such motion is due by no later than **April 14, 2023**; replies are due by no later than **April 28, 2023**. The deadline to serve the subpoenas described herein is **March 7, 2023**.

SO ORDERED.

Date: 2/27/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE